IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. McDOWELL, JR.,

    Plaintiff,

v.                                                                           No. 1:20-cv-00153 RB/KK

RIO RANCHO POLICE DEPARTMENT,
CITY OF RIO RANCHO
and RICHARD ROMERO,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

In 2013, Plaintiff John M. McDowell was arrested, charged, and convicted for the murder of James Chavez. In 2018, however, the New Mexico Supreme Court vacated the conviction and remanded the case for a new trial. Ultimately, the second trial led to McDowell's acquittal. McDowell now brings multiple claims against the Rio Rancho Police Department and officer Richard Romero (collectively, "Rio Rancho") for damages. He alleges that Rio Rancho violated his constitutional rights and committed several state torts against him during his arrest and initial conviction. McDowell pleads the following causes of action: false arrest and false imprisonment (Claim IV); malicious prosecution (Claim V); battery (Claim VI); assault (Claim VII); intentional infliction of emotional distress (Claim IX); defamation and defamation per se (Claim X); and prima facie tort (Claim XI). After the filing of the complaint, Rio Rancho removed the lawsuit to this Court and now moves for partial summary judgment on McDowell's state tort claims. For the reasons outlined in this Opinion, the court will grant summary judgment on these claims.

1

**I.     Legal Standard**

"Summary judgment is proper if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Halley v. Huckaby*, 902 F.3d 1136, 1143 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1347 (2019) (citing *McCoy v. Meyers*, 887 F.3d 1034, 1044 (10th Cir. 2018)). A fact is "material" if it could influence the determination of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. *Id*. "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.'" *Tanner v. San Juan Cty. Sheriff's Off.*, 864 F. Supp. 2d 1090, 1106 (D.N.M. 2012) (quoting *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991)) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the movant meets this burden, rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial." *Id*. (citing *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 256). A party cannot "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Id*. at 1107 (quotation and citation omitted). Instead, the non-moving party must come forward with "sufficient evidence on which the factfinder could reasonably find" in their favor. *Id*. (citations omitted). Evidence that is "merely colorable," *Anderson*, 477 U.S. at 249, or consists only of "[u]nsubstantiated allegations[,]" *McCoy*, 887 F.3d at 1044, is insufficient.

**II.    Statement of Facts**

McDowell was arrested on January 15, 2013, for the 2011 homicide of James Chavez. (Doc. 27-1.) After he was indicted by a grand jury (Doc. 27-2), and arraigned (Doc. 27-3), McDowell was tried on various charges. The jury found him guilty of first-degree murder and tampering with evidence (Docs. 27-4; 27-5); McDowell was subsequently sentenced to life in

prison on December 18, 2014 (Doc. 27-5). However, on January 4, 2018, the New Mexico Supreme Court vacated his conviction and remanded the case for a new trial.[1] (Doc. 27-6.) A mandate was issued on January 25, 2018. (Doc. 27-7.) Following the new trial, the jury acquitted[2] McDowell in November 2019. *See New Mexico v. McDowell*, D-1329-CR-201300021, Jury Verdict (Not Guilty) (13th Jud. Dist. N.M. Nov. 27, 2019). On January 21, 2020, McDowell filed the present suit in the Thirteenth Judicial District for the State of New Mexico (Doc. 1-A), and on February 21, 2020, Rio Rancho removed the case to this court (Doc. 1). Rio Rancho now moves for partial summary judgment on McDowell's state tort claims. (Doc. 27.)

**III.   Analysis**

   **A.  The statute of limitations has run on Claims IV, VI, VII, and X.**

McDowell brings state tort claims for false arrest and false imprisonment (Claim IV); battery (Claim VI); assault (Claim VII); and defamation and defamation per se (Claim X) (collectively, "the Claims"). (Doc. 25 (2d Am. Compl.).) The parties agree that the Claims are governed by the New Mexico Tort Claims Act ("TCA") and that the TCA's two-year statute of limitations applies. (*See* Docs. 27 at 6; 30 at 6.) *See also* N.M. Stat. Ann. § 41-4-15(a). However, the parties disagree as to when each claim's statute of limitations accrued. (*See* Docs. 30 at 6; 27 at 5.) Rio Rancho contends that the Claims are barred under § 41-4-15(a).[3] (*See* Doc. 27 at 5–6.) Because the TCA provides for a two-year statute of limitations from the "date of occurrence," Rio Rancho maintains that McDowell's clock began when the alleged wrongdoings took place. (Doc.

---

[1] Plaintiff did not become aware of the New Mexico Supreme Court's decision until after January 25, 2018. (Doc. 30-2.)

[2] McDowell remained in custody until November 15, 2019. (Doc. 30-3.)

[3] Section 41-4-15(a) provides: "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . ."

3

27 at 5–8.) McDowell does not specifically address the accrual date for these causes of action. Instead, he amorphously argues that "the statute of limitations should run from the date . . . of his release from incarceration on November 15, 2019." (Doc. 30 at 9.)

The Court could dispose of the Claims for reasons other than substance. Primarily, the Claims could be dismissed because McDowell cites no authority to support his positions. "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point." *In re Marsden*, 99 F. App'x 862, 865 (10th Cir. 2004) (discussing *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)). Though the Court sympathizes with McDowell's appeal to fairness (Doc. 30 at 4, 7, 9), it is not enough. McDowell fails to support his position.

The Court could also dispose of the Claims because McDowell misstates applicable law. "State law ordinarily governs the application of equitable tolling in a federal civil-rights action." *Harrison v. United States*, 438 F. App'x 665, 668 (10th Cir. 2011) (citing *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007)). "Under New Mexico law, 'equitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control.'" *Id*. (quoting *Roberts*, 484 F.3d at 1241). As McDowell's "imprisonment and lack of legal expertise are not extraordinary circumstances that would have prevented him from discovering his alleged injury through the exercise of reasonable diligence[,]" *see id.*, there is no merit to arguing incarceration as a reason for delaying the commencement of the statute of limitations. (*See* Doc. 30 at 7, 9.) Even though the above justifications are enough, the Court will detail substantive reasons, other than insufficient briefing, for granting summary judgment on claims IV, VI, VII, and X.

### 1. False Arrest and False imprisonment

No New Mexico court has addressed the issue of when the statute of limitations begins to run on the claims of false arrest and false imprisonment. *See Gose v. Bd. of Cty. Comm'rs of Cty. of McKinley*, 727 F. Supp. 2d 1256, 1263 (D.N.M. 2010). Because of this, the Court must determine how the Supreme Court of New Mexico would decide this issue. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). To make this determination, others have looked to the Restatement (Second) of Torts ("Restatement") because it is often utilized by New Mexico courts. *See Schmitz v. Smentowski*, 785 P.2d 726, 736 (N.M. 1990) (The Supreme Court of New Mexico has "been very willing to adopt the view of the Restatement of Torts to assist [in] development of new tort areas.").

As to false imprisonment, the Restatement says that "the statute [of limitations] begins to run only when the imprisonment ends, since the period of imprisonment is treated as a unit." Restatement (Second) of Torts § 899 cmt. C; *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007) (stating that the statute of limitations for false imprisonment begins to run when the false imprisonment ends). As to false arrest, the Restatement treats it as "the same tort or as a subset of the tort of false imprisonment." *Gose*, 727 F. Supp. 2d at 1264 (citing Restatement (Second) of Torts § 654); *see also Santillo v. N.M. Dep't of Pub. Safety*, 173 P.3d 6, 10 (N.M. Ct. App. 2007) (stating that committing a false arrest is one way to commit a false imprisonment); *Wallace*, 549 U.S. at 388 (in discussing the two common law torts, the Supreme Court found that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter"); DAN B. DOBBS, THE LAW OF TORTS § 36 (1st ed. 2000) ("False arrest is a term that describes the setting for false imprisonment when it is committed by an officer or by one who claims the power to make an arrest."). Because New Mexico courts have been "very willing to adopt the view of the

5

Restatement of Torts," *Schmitz*, 785 P.2d at 736, this Court finds that the New Mexico Supreme Court would accept the above-mentioned conclusions. The *Gose* Court, considering the above, found that the statute of limitations for false arrest and false imprisonment begins to run when imprisonment ends. This Court agrees.

In this case, McDowell was arrested on January 15, 2013 (Doc. 27-1), and he was arraigned on February 4, 2013 (Doc. 27-3). As courts have held that imprisonment ends when the individual is held pursuant to legal processes, McDowell's false imprisonment ended when he was arraigned. *See Wallace*, 549 U.S. at 389 ("Reflective of the fact that false imprisonment consists of detention without legal process, false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges.") (citations omitted). Consequently, the statute of limitations began to run on McDowell's false arrest/false imprisonment claim on February 4, 2013, and the two-year limitations period expired on February 4, 2015. Because McDowell filed suit on January 21, 2020 (Doc. 1-A), his cause of action is barred by the two-year statute of limitations in the TCA. McDowell's cause of action for false arrest and false imprisonment is dismissed.

### 2. Battery and Assault

McDowell's causes of action for battery and assault are also time-barred because they accrued at the time of his arrest on January 15, 2013. (*See* Doc. 27-1.) Section 41-4-15(a) provides that the statute of limitations begins to run on the date of the occurrence. Because McDowell states that the alleged assault and battery took place on January 13, 2013 (2d Am. Compl. ¶¶ 102, 110), and he filed his current suit on January 21, 2020 (Doc. 1-A), these causes of action are barred by the two-year statute of limitations in the TCA. *See Ramirez v. New Mexico*, No. CV 14-448

GBW/KBM, 2015 WL 13659472, at *3 (D.N.M. Aug. 26, 2015) (stating that battery accrues at the time of Plaintiff's arrest). McDowell's causes of action for battery and assault are dismissed.

### 3. Defamation and Defamation Per Se

McDowell offers no indication as to when the alleged defamatory acts took place. In the Second Amended Complaint, McDowell only states that "Defendants . . . published and publicly disseminated misinformation about the Plaintiff which were false statements purporting to be fact." (2d Am. Compl. ¶ 129.) He further stated "Defendants . . . communicated . . . information to third parties and those false statements were published not only to third parties, but to local media outlets that thereafter broadcasted that misinformation to the public." (*Id.* ¶ 130.) These vague allegations do not assist the Court in determining when the statute of limitations accrued, and it is McDowell's job to show that a genuine issue remains for trial. *See Been v. N.M. Dep't of Info. Tech.*, 815 F. Supp. 2d 1222, 1234–35 (D.N.M. 2011) ("[T]he nonmoving party is required to 'go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.'") (quoting *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998)). "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* (citing *Anderson*, 477 U.S. at 248.) Because McDowell has not offered sufficient evidence to show that this issue needs to go before a jury, the Court will dismiss McDowell's claims for defamation and defamation per se.[4]

---

[4] Even without dates to support McDowell's defamation and defamation per se claims, the Court surmises that the claims are based on alleged events that occurred prior to his trial. Because Plaintiff was originally tried on the charges in December 2014, and the limitation period is only two years, the appropriate time to bring these claims has most assuredly passed.

### B. McDowell's malicious abuse of process cause of action (Claim V) is time-barred.

McDowell's malicious abuse of process claim is different from the other causes of action because of the way New Mexico law defines the claim's accrual date. New Mexico has combined the torts of abuse of process and malicious prosecution into a single tort: malicious abuse of process. *DeVaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 283 (N.M. 1997), *abrogated on other grounds by Fleetwood Retail Corp. of N.M. v. LeDoux*, 164 P.3d 31 (N.M. 2007). The elements of malicious abuse of process are "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *Durham v. Guest*, 204 P.3d 19, 26 (N.M. 2009). Under New Mexico law, a malicious abuse of process claim accrues "immediately upon the improper use of process." *Mata v. Anderson*, 685 F. Supp. 2d 1223, 1254 (D.N.M. 2010) (citations omitted). Said differently, "[a] cause of action for malicious abuse of process accrues when a party knows or has reason to know of the injury that constitutes the basis of the action." *Id*. at 1265. This is because in New Mexico, malicious abuse of process "does not require a favorable termination before a plaintiff brings a claim, and the state statute of limitations begins to run as soon as the plaintiff knows of the facts on which he or she is basing the claim."[5] *McDow v. Gonzales*, No. CIV 07–1266, 2008 WL 5979833, at *14 n.5 (D.N.M. Sept. 30, 2008).

The parties agree that a claim for malicious abuse of process accrues upon knowledge of the improper use of process. The parties disagree, however, on whether the Court should employ a subjective or objective test to determine when McDowell had "knowledge" of the potential claim.

---

[5] Because malicious abuse of process in New Mexico does not require a favorable termination, McDowell's claim does not get tolled for statute of limitations purposes by virtue of his acquittal after the retrial in November of 2019.

8

Rio Rancho claims that McDowell's subjective awareness of the Supreme Court's opinion has no bearing on when his claim accrued. They contend that McDowell's "cause of action for malicious abuse of process accrued when his conviction was overturned by the New Mexico Supreme Court on January 4, 2018[,]" because that was when he "knew that the prosecution by Defendants was allegedly improper . . . ." (Doc. 27 at 7.) Therefore, because the suit was not filed until January 21, 2020 (*Id.* at 8), Rio Rancho maintains that McDowell missed his statute of limitations window. McDowell argues the opposite and holds that his awareness of the Supreme Court's opinion is all that matters. He states that because he did not have access to electronic filings while incarcerated, he had no way of knowing about the issuance of the opinion. (Doc. 30 at 5.) McDowell contends that the earliest notice he would have had "as to the decision of the Supreme Court would have been [when] the mandate [was] filed with the District Court on January 25, 2018, plus three days for mail delivery . . . ." (*Id.*)

The Court finds that knowledge is determined by when a conviction is overturned, not when one becomes personally aware of a result. Because New Mexico courts have not dealt with this issue, the Court must "endeavor to predict how that high court would rule." *Nelson v. United States*, 915 F.3d 1243, 1248 (10th Cir. 2019) (quotation omitted). To do this, "[a]ll resources available, including decisions of other states and federal decisions and the general weight and trend of authority, may be considered." *THI of New Mexico at Valle Norte v. Harvey*, 802 F. Supp. 2d 1257, 1266–67 (D.N.M. 2011), *aff'd sub nom. THI of New Mexico at Valle Norte, LLC v. Harvey*, 527 F. App'x 665 (10th Cir. 2013) (citing *Farmers Alliance Mut. Ins. Co. v. Bakke*, 619 F.2d 885, 888 (10th Cir. 1980). The Tenth Circuit has clearly stated that when dealing with a § 1983 malicious prosecution claim, "[f]or purposes of the accrual date, the dispositive question is when [a] conviction was no longer outstanding. *McCarty v. Gilchrist*, 646 F.3d 1281, 1290 (10th Cir.

9

2011). *See id* (stating that the statute of limitation began to run upon the filing of a decision to reverse the plaintiff's criminal conviction). Although *McCarty* deals with a § 1983 claim, the Court finds it persuasive because New Mexico courts have stated that § 1983 claims are analogous to causes of action under the TCA. *See Cal. First Bank v. N.M.*, 801 P.2d 646, 654 (N.M. 1990) ("[W]e find the Supreme Court's application of § 1983 to rights secured by federal statute of considerable value given the similarity in the language and purpose of § 1983 to the provisions in § 41-4-12 under consideration."); *see also DeVargas v. N.M., ex rel. N.M. Dep't of Corr.*, 640 P.2d 1327, 1331 (N.M. Ct. App. 1981), *cert. quashed*, P.2d 166 (N.M. 1982) (stating that liability under Section 41–4–12 of the TCA is consistent with liability under § 1983). Accordingly, the Court finds that the New Mexico Supreme Court would likely adopt an objective standard to determine the accrual date for malicious abuse of process claims. Consequently, the Court holds that McDowell had "knowledge" when the Supreme Court issued its opinion on January 4, 2018, and therefore that is when the statute of limitations began to run.[6] As McDowell filed suit on January 21, 2020, and his state-law malicious abuse of process claim accrued on January 4, 2018, his cause of action is time-barred. Summary judgment is granted with respect to Claim V.

### C. McDowell's claims of intentional infliction of emotional distress (Claim IX) and prima facie tort (Claim XI) are dismissed.

Rio Rancho is also entitled to summary judgment on McDowell's intentional infliction of emotional distress (Claim IX) and prima facie tort (Claim XI) causes of action because the TCA does not waive immunity for those causes of action. Sovereign immunity is the overriding principle of the TCA, but there are eight exceptions. *See Bierner v. City of Truth or Consequences*, 96 P.3d 322, 324 (N.M. Ct. App. 2004). ("Section 41-4-4(A) of the TCA provides government entities

---

[6] Moreover, McDowell's continued confinement for a second trial does not toll the statute of limitations, since, as noted above, favorable termination is not an element of a cause of action for malicious prosecution.

10

with immunity from liability for any tort, except as waived in other sections of the TCA.");
*Kreutzer v. Aldo Leopold High Sch.*, 409 P.3d 930, 941 (N.M. Ct. App. 2017) ("[E]xceptions to the TCA's general rule of immunity are strictly construed.") (citing *Rutherford v. Chaves Cty.*, 69 P.3d 1199, 1202 (N.M. 2003)). Therefore, if McDowell's remaining causes of action for intentional infliction of emotional distress and prima facie tort are not TCA exceptions, Rio Rancho is immune from suit. *See Upton v. Clovis Mun. Sch. Dist.*, 141 P.3d 1259, 1265 (N.M. 2006), *as revised* (Sept. 12, 2006) (Minzner, J., dissenting) (The "rule is immunity; waiver is the exception.").

McDowell cannot maintain these two claims because they are clearly not exceptions to the TCA. Intentional infliction of emotional distress is not actionable as a stand-alone tort. *See Romero v. Otero*, 678 F. Supp. 1535, 1540 (D.N.M. 1987) ("[T]he Tort Claims Act does not waive the immunity of law enforcement officers for [an intentional infliction of emotional distress] cause of action standing alone as a common law tort."); *see also Romero v. Storey*, No. CV 10-00591 JP/LAM, 2010 WL 11619180, at *3 (D.N.M. Sept. 17, 2010). Furthermore, "[p]rima facie tort is not included in the specific provisions of the Tort Claims Act and, therefore Defendants enjoy immunity from Plaintiff's claim" of prima facie tort. *Derringer v. New Mexico*, 68 P.3d 961, 965 (N.M. Ct. App. 2003) (citing N.M. Stat. Ann. § 41-4-5). Rio Rancho is entitled to summary judgment on Claims IX and XI. McDowell's causes of action for intentional infliction of emotional distress and prima facie tort are dismissed.

## IV.   Conclusion

In accordance with the foregoing, the court hereby **GRANTS** Rio Rancho's motion for summary judgment. The Court concludes: 1) the statute of limitations bars McDowell's claims of false arrest and false imprisonment, battery, assault, defamation and defamation per se, and malicious

11

abuse of process; 2) McDowell's claims of intentional infliction of emotional distress and prima facie tort are not exceptions under the TCA, and therefore, immunity is not waived. For these reasons, the above-mentioned causes of action are dismissed.

**THEREFORE,**

**IT IS ORDERED** that Rio Rancho's Motion for Partial Summary Judgment (Doc. 27) is **GRANTED** and claims IV, V, VI, VII, IX, X, XI are **DISMISSED WITH PREJUDICE**. Claims I, II, III, VIII remain.

_____
**ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE**